# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

TERRY ERIC JOHNSON,     )
                        )
    Petitioner,          )
                        )
v.                      )   Case No. CV412-270
                        )
BERRY GOODRICH,         )
                        )
    Respondent.          )

## REPORT AND RECOMMENDATION

Terry Eric Johnson has filed a 28 U.S.C. § 2254 petition challenging his 1996 conviction for, *inter alia*, armed robbery. (Doc. 1.) It appears that he filed the petition more than one year after his conviction became final on direct review.[1] Regardless, he has since been released from custody, and, as best the Court can tell, he simply

---

[1] The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). It is unclear from his petition when his direct appeal was decided, though he moved for state habeas relief in 2009, and his petition was apparently granted. (Doc. 1 at 4.)

seeks to have his record expunged. (*Id.* at 5; doc. 4 at 9.) The general rule is that federal habeas courts have

> jurisdiction to entertain a § 2254 petition only if the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 1925 (1989). Generally, if the petitioner's state sentence has fully expired, he does not meet the "in custody" requirement. *Id.* at 492, 109 S. Ct. at 1926.

*Green v. Price*, 439 F. App'x 777, 781-82 (11th Cir. 2011). Johnson insists that his sentence has expired (doc. 4 at 2) and he has not alleged that he is on probation or parole. *See Duvallon v. Florida*, 691 F.2d 483, 484-85 (11th Cir. 1982) ("in custody" requirement may be met where petitioner is on probation, parole or bail). Hence, the Court concludes that it lacks jurisdiction to entertain his petition.[2]

---

[2] While he may not proceed under § 2254, expungement may still be obtainable, but the Court's powers in that regard are quite limited:

> [i]t has been recognized that "[t]here is no specific constitutional or general statutory right to expungement." *United States v. Carson*, 366 F.Supp.2d 1151, 1154 (M.D. Fla. 2004), *citing*, *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997), *cert. denied*, 523 U.S. 1077, 118 S.Ct. 1523, 140 L.Ed.2d 675 (1998). To the extent the district courts have authority to grant expungement, "the Court's privilege to expunge matters of public record is one of exceedingly narrow scope." *Rogers v. Slaughter*, 469 F.2d 1084, 1085

While Johnson's motion to proceed *in forma pauperis* (doc. 2) is **GRANTED**, his § 2254 petition should be **DISMISSED**, and his follow up "motion for filed claims" (doc. 4) is **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would

---

(5th Cir. 1972). Except in cases of juveniles, the Court is unaware of a court approving the expungement of an adult conviction which was not either set aside or found to be the result of government misconduct. This is so despite the adverse consequences which result from the continued existence of a conviction appearing on the public record. Such consequences do not rise to the level of extreme circumstances which will justify expungement of a criminal conviction. *See United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977), *cert. denied*, 425 U.S. 907 (1978). As the court in *Rogers* stated, "[t]he judicial editing of history is likely to produce a greater harm than [that] sought to [be] corrected." *Rogers*, 469 F.2d at 1085.

*United States v. Goodrich*, 2008 WL 398950 at * 1 (S.D. Fla. Feb. 12, 2008) (footnotes omitted). The term "extreme circumstances" encompasses things like an unconstitutionally obtained indictment, arrest and/or conviction. *Allen v. Normand*, 2009 WL 2448253 at *11 (E.D. La. Aug. 07, 2009) ("court has the power to expunge records of an unconstitutionally obtained indictment, arrest and/or conviction"). Johnson has alleged nothing approaching that here.

not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 26th day of November, 2011.

*/s/ M. Smith*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**